US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

SEP 23 2011

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KERI COUSINS, )
)
       Plaintiff, )
) 11- 2177
v. )
)
COMMERCIAL RECOVERY )
SYSTEMS, INC., )
)
       Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, KERI COUSINS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, COMMERCIAL RECOVERY SYSTEMS, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KERI COUSINS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Fort Smith, County of Sebastian, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Ford Motor Credit Company LLC (hereinafter "Ford").

1

6. The debt that Plaintiff allegedly owed Ford was for an automobile loan and/or for automobile financing relative to a personal vehicle.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. COMMERCIAL RECOVERY SYSTEMS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Texas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

14. On or about July 11, 2011, Defendant engaged in a telephone conversation with Plaintiff wherein Defendant attempted to collect a debt she allegedly owed to Ford.

15. The aforesaid telephone conversation was Defendant's initial communication with Plaintiff.

16. During the course of the aforesaid telephone call, Plaintiff asked Defendant for documentation relative to the debt on which it was attempting to collect.

17. Defendant informed Plaintiff that within the next twenty-four (24) hours Defendant would mail and e-mail her documentation relative to the debt on which it was attempting to collect.

18. Defendant did not send Plaintiff documentation within the next twenty-four (24) hours subsequent to the aforesaid telephone call.

19. Defendant's representations that it would send Plaintiff documentation relative to the debt on which it was attempting to collect were false, deceptive and/or misleading given that Defendant did not send Plaintiff documentation within twenty-four (24) hours of speaking to Plaintiff as it represented.

20. On or about July 18, 2011, Plaintiff engaged in another telephone conversation with Defendant.

21. During the course of the aforesaid telephone call, Plaintiff again asked Defendant to provide her with documentation relative to the debt she allegedly owed.

22. Defendant informed Plaintiff that it would not provide her with documentation unless she made a payment to Defendant.

23. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that unless Plaintiff made a payment to Defendant then Defendant would not have to provide Plaintiff with documentation relative to the debt on which it was attempting to collect.

24. Defendant's representations that it did not have to provide Plaintiff with documentation relative to the debt on which it was attempting to collect unless Plaintiff made a payment to Defendant were false, deceptive and/or misleading given that Defendant was required to provide Plaintiff with notice of her right to dispute the debt on which it was attempting to collect so that Plaintiff could dispute the debt she allegedly owed, thus requiring Defendant to provide Plaintiff with documentation to verify the debt.

25. During the course of the aforesaid telephone call, Plaintiff told Defendant that she would send Defendant a facsimile with her checking account information so that she could make a payment to Defendant in the amount of $400.00 in order for Defendant to provide her with documentation relative to the debt she allegedly owed.

26. By agreement, the aforementioned payment by Plaintiff to Defendant was postdated to July 22, 2011.

27. Defendant accepted the postdated payment from Plaintiff.

28. On or about July 18, 2011, Plaintiff sent a facsimile to Defendant with her checking account information so that she could make a payment to Defendant in the amount of $400, to be deposited on July 22, 2011.

29. Defendant sent a correspondence to Plaintiff relative to its intent to deposit the aforesaid post dated payment. (See a true and exact copy of said correspondence attached hereto as **Exhibit A**).

30. The aforesaid correspondence was dated July 21, 2011. (**Exhibit A**).

31. Defendant did not mail the aforesaid correspondence to Plaintiff until July 25, 2011. (See a true and exact copy of the envelope Defendant used to send the aforesaid correspondence to Plaintiff attached hereto as **Exhibit B**).

32. Prior to July 22, 2011, Defendant had not provided Plaintiff with notice of its intent to deposit Plaintiff's post-dated payment.

33. On or about July 22, 2011, Defendant attempted to deposit Plaintiff's post-dated payment.

34. Defendant was unable to deposit the aforesaid post-dated payment as, prior to July 22, 2011, Plaintiff had contacted her bank to cancel the payment.

35. On or about Friday July 29, 2011, Defendant engaged in a telephone conversation with Plaintiff.

36. Defendant informed Plaintiff that it was unable to process her payment of $400.00.

37. Defendant told Plaintiff that she wrote a "hot check."

38. Defendant's representations that Plaintiff had written a "hot check" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal conduct with respect the debt on which Defendant was attempting to collect.

39. Plaintiff has not engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect.

40. Defendant's representations that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect were false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct.

41. Defendant's representations that Plaintiff had engaged in criminal conduct with respect to the debt on which Defendant was attempting to collect were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

42. During the course of the aforesaid telephone call, Defendant further said "[i]t does not look good for you."

43. Defendant further told Plaintiff "[y]ou have given us excuses after excuses."

44. Defendant then stated to Plaintiff "[y]ou have until Monday [August 1, 2011] to pay the entire balance."

45. Defendant further advised Plaintiff "[y]ou need to get yourself an attorney if you do not pay this immediately."

46. Defendant then told Plaintiff that if she did not pay the entire balance then her "case would be sent to the finalization department."

47. Defendant told Plaintiff that if her case was sent to the aforesaid department then Defendant would take further action against her to garnish her wages and collect her tax refunds.

48. Defendant's representation that if Plaintiff did not pay the entire balance of the debt she allegedly owed then her case would be sent to the finalization department, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay Defendant then Defendant would file a lawsuit against her.

49. Defendant's representations further had the effect of conveying to an unsophisticated consumer that if a lawsuit was filed against Plaintiff then Defendant would garnish her wages and collect her tax refunds.

50. Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owed.

51. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

52. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

53. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

54. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt she allegedly owed.

55. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt she allegedly owed.

56. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

57. At the time Defendant made the aforementioned threat to collect Plaintiff's tax refund, upon information and belief, Defendant had no authority to obtain Plaintiff's tax refund.

58. At the time Defendant made the aforementioned threat to collect Plaintiff's tax refund, upon information and belief, Defendant had no power to obtain Plaintiff's tax refund.

59. At the time Defendant made the aforementioned threat to collect Plaintiff's tax refund, upon information and belief, Defendant had no intent to obtain Plaintiff's tax refund.

60. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

61. In its attempts to collect the debt allegedly owed by Plaintiff to Ford, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

d. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

g. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

62. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

63. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KERI COUSINS , by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KERI COUSINS**

By: /s/ David M. Marco
David M. Marco
Attorney for Plaintiff

Dated: September 16, 2011

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 546-6539
Facsimile:  (888) 418-1277
E-Mail:     dmarco@smithlaw.us